UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

4922 MANAGEMENT LLC and
THE OPAL AT CAPE CORAL LLC,

    Plaintiffs,

v.                                        Case No.:  2:24-cv-894-SPC-NPM

SELECTIVE INSURANCE
COMPANY OF THE SOUTHEAST,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is Defendant Selective Insurance Company of the Southeast's Motion to Dismiss. (Doc. 20). Plaintiffs 4922 Management LLC and The Opal at Cape Coral LLC filed a response (Doc. 22), so the motion is ripe for review.

This breach of insurance contract action arises from flood damage Plaintiffs' property sustained during Hurricane Ian. Defendant is a write-your-own program carrier participating in the National Flood Insurance Program ("NFIP"). It issued Plaintiffs a Standard Flood Insurance Policy ("SFIP") effective during the time of loss. Plaintiffs submitted a claim for their damages during the hurricane. On May 16, 2023, Defendant sent a letter partially denying the claim. Because Plaintiffs filed suit over a year later,

Defendant moves to dismiss arguing that Plaintiffs' suit is barred by the statute of limitations. In response, Plaintiffs argue that the statute of limitations issue is more appropriately addressed at the summary judgment stage and that the letter was not a proper denial to trigger the statute of limitations period.

Plaintiffs first argue that Defendant's statute of limitations argument is inappropriate at this stage. Dismissal on statute of limitation grounds "is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *Sec'y of Lab. v. Labbe*, 319 F. App'x 761, 764 (11th Cir. 2008). In this case, the denial letter was attached to Defendant's motion to dismiss, not the complaint. So, in Plaintiffs' view, determining whether their claim is barred by the statute of limitations involves looking beyond the face of the complaint.

Despite Plaintiffs' contention, a court may consider documents attached to a motion to dismiss if the attached document is "central" to the plaintiff's claims and the authenticity of the document is unchallenged. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). The denial letter is central to Plaintiffs' breach of insurance contract claim. *See, e.g., Oceania III Condo. Ass'n, Inc. v. Westchester Surplus Lines Ins.*, 658 F. Supp. 3d 1177, 1180 n.2 (S.D. Fla. 2023). And Plaintiffs do not challenge the letter's authenticity. So the Court considers it.

Turning now to the merits. In a flood-insurance dispute, a plaintiff must institute an action "within one year after the date of mailing of notice of disallowance or partial disallowance" of the claim. 42 U.S.C. § 4072; *see also* 44 C.F.R. § 62.22(a). Defendant issued its letter on May 16, 2023. Plaintiffs filed suit on September 25, 2024, so it is seemingly too late. But Plaintiffs argue that the letter did not constitute a notice of disallowance or partial disallowance that would trigger the limitations period. The Court disagrees.

Defendant's May 2023 letter constituted a partial disallowance under § 4072, and here is why. "To determine whether a letter is a partial written denial, courts closely examine the letter's content." *Palmer v. Selective Ins. Co., Inc.*, No. CV 24-1599, 2024 WL 5126265, at *4 (E.D. Pa. Dec. 16, 2024) (citation omitted). The letter reads in pertinent part:

> Your building check has been sent under separate cover.
>
> We reviewed your estimate from Restoration on Demand. We are unable to extend coverage to this estimate as it was not itemized and they did not remove wet materials before starting the dryout process.
>
> \*       \*       \*
>
> If you do not agree with [Defendant's] decision to **deny your claim**, whether in whole or in part, please refer to FEMA's NFIP summary of Policyholder Rights attached to this letter.

(Doc. 20-1) (emphasis added). The letter plainly puts Plaintiffs on notice that, although it issued partial payment, coverage to the Restoration on Demand estimate is disallowed for the two listed reasons. The Policyholder Rights

3

attached to the letter also notifies Plaintiffs of their right to appeal to FEMA and to file suit if they disagree with the decision to "deny your claim." (Doc. 20-1). "[A] letter from an insurer sufficient to put an insured on notice that a part of her claim has been disallowed is sufficient to trigger Section 4072's one-year limitation period." *Sylve v. Am. Bankers Ins. of Fla.*, No. 2:23-CV-04068, 2024 WL 422063, at *3 (E.D. La. Feb. 5, 2024) (citing *McInnis v. Liberty Mut. Fire Ins.*, No. 22-30022, 2022 WL 4594609, at *3 (5th Cir. Sept. 30, 2022)). The letter was thus a partial disallowance under § 4072. *See Palmer*, 2024 WL 5126265, at *5 (collecting cases); *Sylve*, 2024 WL 422063, at *3.

Plaintiffs' arguments in opposition are unpersuasive. They first contend that by declining to extend coverage on the Restoration on Demand estimate because it was not itemized, Defendant left open the possibility Plaintiffs could rectify this deficiency, at which time coverage would be extended. Essentially, they believe this opportunity to cure means their claim was not denied.[1] But courts have found denial letters trigger the limitations period even when additional documentation is subsequently submitted or the adjusting process continued. *See Cohen v. Allstate Ins. Co.*, 924 F.3d 776, 781 (5th Cir. 2019) (finding a denial letter triggered the limitations period when it denied coverage

---

[1] For this point, Plaintiffs rely heavily on *House v. Bankers Ins.*, 43 F. Supp. 2d 1329, 1331 (M.D. Fla. 1999). But this case is distinguishable for the same reasons outlined in *Porter v. Hartford Fire Ins. Co.*, No. 3:08-CV-301/MCR/EMT, 2010 WL 11640345, at *3 (N.D. Fla. Sept. 17, 2010) (explaining that, in *House*, the insurer rejected the plaintiffs' proof of loss, not their claim).

for various claimed items pending additional documentation); *Lionheart Holding GRP v. Phila Contribution Ship Ins.*, 368 F. App'x 282, 284–85 (3d Cir. 2010) (holding that a partial denial letter triggered the statute of limitations even though the parties continued to engage in a "lengthy . . . investigation and adjustment process" for claims related to the same flooding event); *Palmer*, 2024 WL 5126265, at *5 (finding that the denial letter constituted a disallowance under § 4072 even though the plaintiffs continued to provide additional requested documentation after receiving the letter). Besides, even assuming Plaintiffs rectified this shortcoming, they ignore that Defendant also declined to extend coverage on the Restoration on Demand estimate for failure to comply with the proper dryout procedure. This is an error Plaintiffs could not cure.

Plaintiffs also argue the letter is not a denial because it extended coverage for a portion of their claim. This point is unpersuasive. *See Price v. Fugate*, No. A-15-CV-00185-LY-ML, 2015 WL 3971273, at *3 (W.D. Tex. June 30, 2015), *report and recommendation adopted*, 2015 WL 11438690 (Aug. 4, 2015) ("[T]he issue of whether FEMA 'partially accepted' Plaintiff's claims has no bearing on the jurisdictional statute of limitations."); *Brusco v. Harleysville Ins.*, No. CIV.A. 14-914 JEI/JS, 2014 WL 2916716, at *6 (D.N.J. June 26, 2014) (letter constituted a partial denial to trigger the statute of limitations despite the fact it enclosed a check for a portion of the plaintiff's claimed damages).

5

Indeed, issuing only partial payment is precisely what rendered the denial letter a "*partial* disallowance" under § 4072. *See Price*, 2015 WL 3971273, at *3 ("Refusal to pay all of the sums claimed by the insured is a partial disallowance of the claim, sufficient to trigger [the] limitations period.").

Finally, Plaintiffs insist a denial letter must be based on a sworn proof of loss to trigger the one-year limitation period, which Defendant's May 2023 letter was not. There is certainly authority to support this point, the primary of which is *Quader v. Fed. Emergency Management Agency*, 543 F. Supp. 2d 558 (E.D. La. 2008). But *Quader* is distinguishable and otherwise unpersuasive. And since that decision, the Fifth Circuit has found a proof of loss is not a prerequisite for a proper disallowance.

The *Quader* decision is distinguishable. In *Quader*, the court held that "[t]he one-year filing period begins to run when FEMA denies a claim that is accompanied by a proof of loss, unless proof of loss is waived." *Id.* at 562. In reaching this conclusion, the court interpreted a temporary FEMA policy change in response to Hurricane Katrina that contemplated a two-step model for adjusting flood claims. First, the NFIP insurer must adjust claims and issue payments based on the adjuster's report, even without a proof of loss. *Id.* at 561. Then, if the policyholder disputes the adjuster's report, the policyholder must submit a proof of loss, which the insurer will process in a normal fashion. *Id.* If the insurer rejects the proof of loss, "the policyholder may file a lawsuit

6

against the insurer within one year of the date of the written denial of all or part of the claim." *Id.* at 561–62. In short, the temporary FEMA policy explicitly provided that the one-year limitation period did not begin until the insurer rejected the proof of loss.

Although FEMA also modified the adjusting process in this case, it did not go as far. FEMA Bulletin W-22012, which was issued after Hurricane Ian, requires NIFP insurers to "accept their adjuster's report to evaluate and pay a claim instead of a signed proof of loss." If the policyholder disputes the adjuster's report, however, it must then submit a proof of loss. FEMA Bulletin W-22012. But, unlike in *Quader*, the Bulletin does not explicitly require a proof-of-loss rejection to trigger the one-year limitation period. *See id.* So the cases are not the same.

The *Quader* court also looked to the language of 42 U.S.C. § 4072. The statute provides that "the Administrator shall be authorized to adjust and make payment of any *claims for proved and approved losses* covered by flood insurance" and that the claimant must file suit within one-year of the disallowance of "such claim." 42 U.S.C. § 4072 (emphasis added). The *Quader* court understood this to mean that "such claims" refers back to claims for

"proved and approved losses."[2]  *Quader*, 543 F. Supp. 2d at 562; *see also W. End Harbor Condo. Ass'n, Inc. v. Wright Nat'l Flood Ins. Co.*, No. 5:20CV303-TKW-MJF, 2022 WL 18936050, at *4 (N.D. Fla. July 18, 2022).  There, a proof of loss was required to prove and approve the loss.  But here, only an adjuster's report is needed to do so.  *See* FEMA Bulletin W-22012.  And consistent with Bulletin W-22012, Defendant approved and issued payment on a portion of Plaintiffs' claim based on the adjuster's report but rejected the Restoration on Demand estimate that Plaintiffs submitted.  In sum, Defendant's denial letter did not need to be based on a proof of loss to trigger the one-year limitation period.

To be sure, the Fifth Circuit has held that a denial need not be based on a proof of loss to trigger § 4072.  In *McInnis v. Liberty Mutual Fire Insurance*, the plaintiff/appellant argued a disallowance or partial disallowance of a proof of loss is the exclusive mechanism for triggering § 4072's one-year limitations period.  No. 22-30022, 2022 WL 4594609, at *3 (5th Cir. Sept. 30, 2022).  Rejecting this position, the court explained that § 4072 does not mention a proof of loss.  *Id.*  Rather, it provides that the one-year limitations period begins upon the "disallowance . . . of any such *claim*."  42 U.S.C. § 4072 (emphasis

---

[2] Even this interpretation seems questionable.  An insurer cannot disallow a claim for "proved and approved losses."  So it makes little sense that disallowance of "such claims" refers to a disallowance of claims "for proved and approved losses," as the *Quader* court suggested.

8

added). And because "a claim and a proof of loss are distinct," the *McInnis* court determined the plain language of § 4072 indicates a denial of a *claim* begins the prescriptive period, not a denial of the proof of loss. *McInnis*, 2022 WL 4594609, at *3. *See also Hebert v. Am. Bankers Ins. of Fla.*, No. CV 23-5514, 2024 WL 3226109, at *4 (E.D. La. June 28, 2024) (rejecting the same argument Plaintiffs raise here, post-*McInnis*, and distinguishing *Quader*).

The Court agrees with the persuasive reasoning of *McInnis* and *Herbert*. And since Defendant's May 2023 letter partially denied Plaintiffs' *claim*, it triggered the one-year limitations period. Plaintiffs filed suit well after this period expired, so their claim is time-barred and must be dismissed.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss (Doc. 20) is **GRANTED**.

2. Plaintiffs' Complaint (Doc. 1) is **DISMISSED with prejudice**.

3. The Clerk is **DIRECTED** to deny all pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on February 6, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record